# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

TOMMY RUSS SHOEFSTALL,                     §
                                           §
        *Plaintiff*,                       §
                                           §
v.                                         §        CIVIL ACTION NO. H-17-0658
                                           §
JOHN M. STARLIPER, *ET AL.*,               §
                                           §
        *Defendants*.                      §

## ORDER

The Court has reviewed plaintiff's complaint in this *pro se* state inmate section 1983 lawsuit. Because plaintiff's complaint improperly attempts to join multiple claims against multiple defendants in one civil lawsuit, it will be stricken from the record, as follows.

Plaintiff raises claims against prison officials Daniel R. Hunt and John M. Starliper for their alleged failure to protect him from an assault by another inmate. Plaintiff further complains that defendant R. Shabazz, a prison psychologist, was deliberately indifferent to his serious medical needs by failing to provide him adequate and/or necessary mental health treatment, and that she involuntarily medicated him. Moreover, he claims that a physician assistant, FNU Evans, denied him pain medication. Plaintiff further complains of unconstitutional conditions of confinement and violations of ADA requirements at the Jester 3 Unit, but does not plead clear factual allegations delineating these issues. Mention is made within the complaint of a defendant Guyton, but plaintiff's allegations against this individual

are unclear. Due to the confusing and repetitive nature of plaintiff's narrative pleadings, the Court cannot reasonably ascertain the full extent of plaintiff's intended claims or defendants.

The complaint is deficient because it attempts to raise claims against multiple defendants stemming from more than one transaction or occurrence. Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to join as many claims as the party has against a single opposing party. Rule 20 of the Federal Rules of Civil Procedure allows the joinder of several parties only if the claims arise out of a single transaction and contain a question of fact or law common to all defendants. In short, unrelated claims against different defendants cannot be pursued in one lawsuit.

By naming multiple defendants and including numerous transactions, plaintiff's complaint does not comport with Rule 18 and Rule 20 of the Federal Rules of Civil Procedure. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all the defendants, joinder should not be allowed); *see also Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the three-strikes provision of section 1915(g)).

The Court concludes that allowing plaintiff's current complaint to go forward would defeat the clear intent of the federal rules and section 1915(g). Accordingly, the Court ORDERS as follows:

1. The complaint (Docket Entry No. 1) is STRICKEN FROM THE RECORD and will have no force or effect.

2. Plaintiff shall file an amended complaint using the pre-printed section 1983 form approved for *pro se* state inmate litigants within THIRTY DAYS from date of this order. He need not re-file any exhibits that were submitted with his original complaint. No new exhibits may be added.

3. Plaintiff's amended complaint must comply with the Federal Rules of Civil Procedure by including only one claim or set of claims (*i.e.*, one set of related facts and circumstances stemming from one incident or issue), unless the other claims alleged are all related to the same incident, issues, or actions of all the defendants. Unrelated claims must be filed as separate lawsuits within thirty days from date of this order. An amended complaint which does not comply with this order will be stricken from the record without further notice. No new claims or defendants may be added at this time.

4. Plaintiff's failure to comply fully and timely with this order will result in dismissal of this lawsuit without further notice.

5. The defendants' motions to dismiss for failure to state a claim (Docket Entry No. 22) and for summary judgment premised on failure to exhaust (Docket Entries No. 37, 38) are DENIED WITHOUT PREJUDICE, subject to being reasserted, if necessary, following plaintiff's filing of a compliant amended complaint.

Signed at Houston, Texas, on February 16, 2018.

_____

Gray H. Miller
United States District Judge